**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION AT COLUMBUS**

| | | |
|---|---|---|
| JERONICA PHILLIPS, | : | Case No. 2:24-cv-3900 |
| Plaintiff, | : | |
| vs. | : | District Judge James L. Graham |
| | : | Magistrate Judge Peter B. Silvain, Jr. |
| ANNETTE CHAMBERS-SMITH, *et al.*, | : | |
| Defendants. | : | |

**ORDER AND SUPPLEMENTAL REPORT AND RECOMMENDATION**[1]

This matter is before the Court on Plaintiff's Motion to Amend, (Doc. 6), wherein Plaintiff seeks to dismiss Defendant Annette Chambers-Smith from this action and dismiss all official capacity claims against all Defendants.

**A.    Background**

On October 1, 2024, upon initial review of Plaintiff's Complaint, the undersigned issued a Report and Recommendation, concluding that all of Plaintiff's claims against all Defendants should be dismissed for failure to state a claim upon which relief may be granted. (Doc. 5). Specifically, the undersigned determined that Defendants Chambers-Smith and Okereke should be dismissed because the Complaint contains no factual allegations against them, that all Defendants are immune from suit in their official capacity for money damages, that Plaintiff's request for injunctive relief is moot due to his transfer to a different facility, and that all claims of deliberate indifference and placement in the TPU fail to state a claim upon which relief may be granted.

---

[1] Attached is a NOTICE to the parties regarding objections to this Report and Recommendation.

In response to the Report and Recommendation, Plaintiff filed the "Motion to Amend" that is currently before the Court. (Doc. 6).

**B.    Plaintiff's Motion to Amend**

In Plaintiff's Motion to Amend, he seeks to "remove Annette Chambers-Smith from said action and dismiss all Defendants of claims against them in their official capacity . . . ." (Doc. 6, *PageID* #86). Plaintiff does not seek to add new facts or claims to the Complaint, and he did not attach a proposed Amended Complaint.

Under Rule 15(a)(1)(A) of the Federal Rules of Civil Procedure, a plaintiff may amend a complaint "once as a matter of course" within twenty-one days after service of the Complaint. Because service has not occurred, Plaintiff is entitled to amend the Complaint once as a matter of course without leave of court. Accordingly, Plaintiff's Motion (Doc. 6) is **GRANTED**.

The Court notes, however, that typically, in order to meet the particularity requirements of Rule 7(b), "'a complete copy of the proposed amended complaint must accompany the motion [for leave to amend] so that both the Court and opposing parties can understand the exact changes sought.'" *Williams v. Zumbiel Box & Packaging Co.*, No. 04-CV-675, 2005 WL 8161971, at *1 (S.D. Ohio Feb. 3, 2005) (quoting *Smith v. Planas,* 151 F.R.D. 547, 550 (S.D.N.Y. 1993)). Here, although Plaintiff has not attached a proposed amended complaint, it is clear from the Motion to Amend that Plaintiff seeks to voluntarily dismiss Defendant Annette Chambers-Smith from this action, as well as all official capacity claims against all Defendants. The Court finds this sufficient to meet the requirements of Rule 7 and hereby **DIRECTS** the Clerk to **TERMINATE** Defendant Chambers-Smith from this action. Additionally, all official capacity claims are hereby **DISMISSED** at the request of Plaintiff.

Although the Court has granted Plaintiff's Motion to Amend, Plaintiff's voluntary dismissal of Defendant Chambers-Smith and the official capacity claims does not cure the deficiencies identified in this Court's Report and Recommendation, wherein the undersigned recommended dismissal of this action in its entirety for failing to state a claim upon which relief may be granted pursuant to 42 U.S.C. § 1983 against any Defendant. Therefore, for the reasons set forth in the prior Report and Recommendation, (Doc. 5), the undersigned **RECOMMENDS** that this action be **DISMISSED** in its entirety against all Defendants.

Accordingly, it is **RECOMMENDED** that the Court **DISMISS** Plaintiff's claims pursuant to 28 U.S.C. §§ 1915A and 1915(e).

November 21, 2024

*s/Peter B. Silvain, Jr.*
Peter B. Silvain, Jr.
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Crim. P. 59(b)(2), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendation. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).