IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**JERONICA PHILLIPS,**

    Plaintiff,

  v.                                          Case No. 2:24-cv-3900
                                                    Judge James L. Graham
                                                    Magistrate Judge Peter B. Silvain. Jr.

**ANNETTE CHAMBERS-SMITH, et al.,**

    Defendants.

## **OPINION & ORDER**

      This matter is before the Court to consider the Report and Recommendation (ECF No. 5) and Supplemental Report and Recommendation (ECF No. 8) issued by Magistrate Judge Silvain. Plaintiff Jeronica Phillips, an Ohio State inmate proceeding without the assistance of counsel, brings this action against numerous prison officials. This action is brought in connection with an alleged slip and fall incident. Plaintiff alleges that he informed corrections officers of a leak in his cell. Upon waking up from a nap, Plaintiff alleges that he slipped in the puddle, hit his head on the floor and was fearful that he had torn sutures in his back due to a recent back surgery. Plaintiff was transported to medical where his vitals were checked and his back was examined. Plaintiff alleges that he was placed "in the hole" for medical observation but was later informed that he was being held there for refusing to return to the flooded cell. Plaintiff seeks monetary damages in the amount of $500,000 as well as injunctive relief ordering Defendants to "cease their conduct."

      The Magistrate Judge found that Plaintiff failed to state a viable claim for relief against any Defendant. Based on the facts presented, the Magistrate Judge could not find that the risks Plaintiff faced were "sufficiently serious to require constitutional protection." (ECF No. 5 at 8). The Magistrate Judge further clarified that Courts in the Sixth Circuit "have routinely held that 'slip and fall' claims typically assert only negligence, which is insufficient to set out a valid §1983 claim." *Henderson v. Lincoln County Jail*, Case No. 4:23-cv-52, 2024 WL 268404 (E.D. Tenn. Jan. 24, 2024) (Atchley, D.J.); *see also Lamb v. Howe*, 677 F. App'x 204 (6th Cir. 2017).

1

Additionally, the Magistrate Judge could not find any facts which suggest that "Defendants had a sufficiently culpable state of mind tantamount to an intent to punish Plaintiff." (ECF No. 5 at 11).

### A. Standard of Review

If a party objects within the allotted time to a report and recommendation, the Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

### B. Plaintiff's Objections to Report and Recommendation

Plaintiff timely filed an objection to the Report and Recommendation. In the objection, Plaintiff largely repeats the arguments made in prior filings. Plaintiff alleges that the prison officials conduct constitutes a violation of his Fifth, Eighth and Fourteenth Amendment rights but fails to provide any additional evidence. Plaintiff references vague standards concerning cruel and unusual punishment but fails to cite to proper authority. Plaintiff also fails to refute the Magistrate Judge's findings that slip and fall cases assert only negligence and that none of the Defendants had a sufficiently culpable state of mind. Therefore, the Court agrees with the Magistrate Judge that Plaintiff has failed to state a plausible claim for relief against any of the Defendants.

### C. Conclusion

The Court agrees with the Magistrate Judge's Report and Recommendation (ECF No. 5) and Supplemental Report and Recommendation (ECF No. 8) and **ADOPTS** the same. The Plaintiff's objection (ECF No. 9) is **OVERRULED**. Plaintiff's claims are hereby **DISMISSED**.

**IT IS SO ORDERED**.

s/ James L. Graham
JAMES L. GRAHAM
United States District Judge

DATE: January 3, 2025